(No. 88-CC-0870– )
DARYLANN BARON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 15, 1991.*

CAVANAGH, HOSTENY, O'HARA, for Claimant.

ROLAND W. BURRIS, Attorney General (GREGORY CONDON, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This claim is brought by an Illinois State Trooper for reimbursement of mileage expenses for use of her personal vehicle between her home and her place of employment, and for reimbursement of telephone tolls to report to her employer her departure and arrivals from and to her home.

Between March of 1981 and April of 1988, Claimant was employed as a State Trooper by the Department of State Police. In April of 1988 an attempt was made to remove her from service, and that matter was pending before the Illinois State Police Merit Board at the time this case was heard. During a portion of her active service she was involved in 10 squad car motor vehicle accidents in six years, of which eight were judged to be preventable. At this point in time her base was Elgin, Illinois (District 2), and Claimant lived at St. Charles, Illinois, nine miles north of Elgin.

District 2 had a total staff of 70 to 90 sworn personnel, of which 50 were assigned to road patrol and the balance of 20 to 40 comprised the administrative staff. Troopers assigned to road patrol worked portal to portal, were furnished a squad car with radio, and began patrol functions when they left their residences. They were required to advise their District by radio that they were in service and likewise when their shifts ended.

Administrative command personnel also were assigned squad cars equipped with radios. Therefore every trooper was assigned a squad car with radio.

On April 7, 1986, Captain James R. Coffman, District 2 Commander, authored an office memorandum (Claimant's Exhibit 1) to Trooper Baron, which stated:

"This memorandum is to confirm our conversation on March 20, 1986 in which you were directed to turn in your squad car and assigned equipment, pending action resulting from numerous squad car accidents. You were assigned to desk operation and required to provide personal transportation to and from headquarters. Your duty hours are from 9:00 p.m. to 7:00 a.m. unless otherwise assigned."

On days which she worked desk operation, the Claimant would telephone headquarters when she left her home and drive her own car nine miles from St. Charles to Elgin. When her shift ended she would drive nine miles home, then telephone headquarters that she had safely arrived at home.

She remained as a State Trooper at Elgin District from March 30, 1986, thru April 23, 1987, when she transferred from Elgin District to La Salle District. When she was transferred to La Salle she was assigned a squad car.

Her complaint for reimbursement was filed with the clerk of the Court of Claims on October 9, 1987. She asked for $46.00 for reimbursement of telephone toll calls from her home to State Police headquarters seeking $.25 per call for 184 days. For travel expenses, she requests 184.5 days at 18 miles at $.21 per mile for a total mileage claim of $697.41. Both claims total $743.41. There is some evidence that she was required to perform patrol functions when she was in route without any recitation of what patrol duties she performed.

In the March 20, 1986, conversation with District 2 Commander Coffman, nothing was said by the commander as to whether or not she would be paid mileage or reimbursed for telephone calls. Commander Coffman was not present at the hearing. Departmental policy required sworn personnel to maintain a telephone in their homes. If Trooper Baron had not telephoned in before she left for duty or when she returned she would have been guilty of insubordination, which by the rules of conduct is defined as:

"1-4 INSUBORDINATION

Officers shall promptly obey any lawful orders of a superior. This will include orders relayed from a superior by a person of the same or lesser rank or by a telecommunication via radio." (Claimant's Exhibit 2)

It was testified that she could be the subject of suspension up to 60 days or discharged if found guilty of insubordination.

The only exhibit introduced by the Respondent was the departmental report, filed pursuant to section 790.140 of the Court of Claims Regulations. That exhibit contained a letter from a legal advisor of the director of the Illinois State Police setting forth his conclusions, a memorandum from Captain Coffman to the director's legal advisor, the change of assignment memorandum authored by Captain Coffman to Trooper Baron, and details of Trooper Baron's driving records and attendance at State Police Academy driver training courses. These records have absolutely no relevance to the instant controversy, and they are therefore disregarded. Moreover, their admissibility under the rule is questionable. Most of the information was conclusions and not facts.

Trooper Baron did request reimbursement for expenses from the State Police, which request was made

to an employee, one of whose duties was to assist troopers in claiming reimbursements. This employee, Sherry Summers, stated she did not know if she would be reimbursed, and advised her she was requesting advice from headquarters in Springfield. Trooper Baron testified that Ms. Summers advised her she would not be reimbursed because the expenses were incurred out of the fiscal year. Trooper Baron also requested the use of a portable radio to report her whereabouts. This request was denied and she was instructed to use her telephone.

Lieutenant Emrich was the only witness for the Respondent. He stated Trooper Baron's request for assistance with the voucher was the first step in procuring reimbursement and that Ms. Summers would be required to check with the headquarters in Springfield for approval.

Trooper Baron was assigned to Illinois State Fair duties. Before she accepted this assignment she inquired and was advised she would be reimbursed mileage and hotel expenses. She was reimbursed from St. Charles to the hotel in Springfield, and for mileage driven from the hotel to her assignment. Lieutenant Emrich confirmed this was a reimbursable item, as well as other unspecified instances.

The Respondent claimed that the amount of the requested reimbursement for telephone tolls at $.25 per call was excessive. Respondent claimed the Claimant had available from Illinois Bell a "Call Pack" where there are unlimited toll calls within her area of St. Charles. However, Claimant testified the "Call Pack" did not apply when she called outside her area (St. Charles to Elgin). This was the only evidence, and the Court finds that the defense urged by the Respondent has not been proven.

Respondent did not file a brief. The hearing before the commissioner took place on March 3, 1989, and the transcript was filed with the clerk on March 21, 1989. The Claimant's post-trial brief was timely filed on May 7, 1989. Respondent had 60 days to file its brief. On July 18, 1989, the commissioner entered an order granting Respondent an additional 60 days to file its brief or the brief would be barred. No brief was ever tendered.

It appears to the Court that the Claimant is seeking reimbursement for nothing more than what the State provided other employees who were in similar positions. While the State's action in taking away her squad car because of the numerous accidents was perhaps an understandable response, some accommodation should have been made so that she would not incur out-of-pocket expense for something that the State covered for everyone else in her position.

The requested reimbursement of $.25 per call is extremely reasonable. The amount is only $46.00. The Court finds that the sum of $46.00 for 184 calls at $.25 per call to be fair and reasonable and that she is entitled to reimbursement in that amount. For travel expenses, she requests 184.5 days times 18 miles at $.21 per mile for a total mileage claim of $697.41. The Court finds that the Claimant has proven she has driven 184.5 days round trip from her home to Elgin headquarters, and that the request for $.21 per mile is fair and reasonable. This was also the State approved rate during that period of time. Therefore she is entitled to reimbursement in the sum of $697.41 for travel or a total award of $743.41.

Claimant filed this case as a lapsed appropriation claim. The amount of funds which lapsed is relevant. The Respondent's departmental report does not provide the necessary fiscal information. It is hereby ordered

that the Respondent file the fiscal information within 30 days; it is further ordered that if Respondent fails to do so Claimant is hereby awarded $743.41 to be paid with general revenue funds.